UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

John Shapiro,        )  C/A No. 2:25-cv-13861-RMG-MHC
            )
      Plaintiff,   )
            )  **REPORT AND RECOMMENDATION**
v.           )
            )
Joy Campanelli,     )
            )
      Defendant.  )
            )

This is a civil action filed by Plaintiff John Shapiro, a pro se litigant. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

In a Proper Form Order entered January 22, 2026, Plaintiff was directed to file certain documents to bring his case into proper form. He was also advised of material deficiencies in his Complaint and given the opportunity to file an amended complaint. ECF No. 4. Plaintiff has not filed the documents necessary to bring his case into proper form, and he did not file an amended complaint.[1]

## I.  **BACKGROUND**

Plaintiff's entire statement of his claim is that:

1.   Upon information and belief, Defendant conspired with others, which violated Fourteenth Amendment rights.

2.   Plaintiff demands $1 Million against Defendant.

ECF No. 1.

---

[1] Plaintiff did not put an address on his Complaint. *See* ECF No. 1. The Proper Form Order was mailed to Plaintiff at the address he provided on the envelope. ECF No. 1-1. The Proper Form Order was returned as "Undeliverable, Insufficient Address." ECF No. 8. Plaintiff has not provided any other address.

## II.     STANDARD OF REVIEW

This case is before the Court for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint herein pursuant to the procedural provisions of § 1915, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. at 327.

This Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*,

901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining

pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### III. DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed

below.

#### A. Lack of Venue

This action should be summarily dismissed for lack of venue. "Because federal district

courts are vested with the inherent power to control and protect the administration of court

proceedings, the district court has the power to consider sua sponte whether venue is proper."

*Strong v. United States*, No. 8:24-CV-4935-RMG, 2024 WL 4891234, at *2 (D.S.C. Nov. 26,

2024) (internal citations omitted) (citing *White v. Raymark Indus., Inc.*, 783 F.2d 1175, 1177 (4th

Cir. 1986); *Harmon v. Sussex Cnty.*, C/A No. 4:17-cv-2931-RBH-TER, 2017 WL 6506396, at *1

(D.S.C. Nov. 13, 2017), *report and recommendation adopted*, No. 4:17-cv-02931-RBH, 2017 WL

6498165 (D.S.C. Dec. 19, 2017).[2] In general, venue is only proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

---

[2] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). There is no indication that it is in the interest of justice to transfer this case.

Review of the Complaint reveals Plaintiff has provided no facts to indicate that the District of South Carolina satisfies any of the subsections of 28 U.S.C. § 1391(b) for venue to be proper in this district. Plaintiff has not provided an address for Defendant or any other information to indicate the citizenship of Defendant. He has not provided his own address, except for an address in Alaska that is on the envelope in which he mailed his Complaint. *See* ECF Nos. 1 and 1-1. Additionally, Plaintiff has provided no facts to indicate that "a substantial part of the events or omissions giving rise to the claim occurred" in South Carolina or that "a substantial part of property that is the subject of this action" is situated in South Carolina.

Plaintiff also has not alleged any facts indicating a basis for the District Court of the District of South Carolina to obtain personal jurisdiction over Defendant. *See ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 391 (4th Cir. 2012) (noting that the plaintiff has the burden to make the prima facie showing of a basis for personal jurisdiction over defendants). Therefore, Plaintiff has not met the venue requirements of § 1391(b) and this action should be summarily dismissed.

B.     Failure to State a Claim

Plaintiff's pleadings also fail to provide any specific facts to support a claim that Defendant violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse

discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion"). Here, Plaintiff generally alleges that his Fourteenth Amendment rights were violated, but he provides no facts as to what Defendant allegedly did to violate his Fourteenth Amendment rights. Additionally, Plaintiff has alleged no facts to indicate that Defendant is a state actor under 42 U.S.C. § 1983 (§ 1983). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Thus, Plaintiff's claims are subject to summary dismissal for failure to state a claim.

C.      Failure to Bring Case into Proper Form

Additionally, Plaintiff has failed to bring this case into proper form. In the Proper Form Order, Plaintiff was directed to bring his case into proper form by providing certain documents (a completed summons form, a completed and signed Form USM-285, and a fully completed and signed pro se party's answers to Local Civil Rule 26.01 (D.S.C.) interrogatories form). ECF No. 4.

Plaintiff failed to provide the necessary documents to bring his case into proper form. The time for Plaintiff to bring this case into proper form has passed, and he has failed to provide all of the required proper form documents. Plaintiff was specifically warned (ECF No. 4) that the failure to provide the necessary information within the timetable set forth in the Proper Form Order would subject the case to dismissal. *See* Fed. R. Civ. P. 41. Thus, in the alternative, it is recommended that this action be dismissed without prejudice in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV.    RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss this action without prejudice, without leave to amend,[3] and without issuance and service of process.

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

February 24, 2026
Charleston, South Carolina

---

[3] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).